COPY

1  Robert C. Weiss (State Bar No. 39929)
   robertweiss@rcwlaw.com
2  LAW OFFICES OF ROBERT C. WEISS
   3770 Highland Ave., Suite 203
3  Manhattan Beach, CA 90266
   Telephone: (310) 545-9854
4  Facsimile: (310) 545-9853

5  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
6  JONES DAY
   717 Texas, Suite 3300
7  Houston, TX 77002
   Telephone: (832) 239-3786
8  Facsimile: (832) 239-3600

9  Jerrold B. Reilly (State Bar No. 116536)
   jreilly@magmail.com
10 MAG INSTRUMENT, INC.
   2001 S. Hellman Ave.
11 Ontario, CA 91761
   Telephone: (909) 947-1006
12 Facsimile: (909) 923-5042

13 Attorneys for Plaintiff
   MAG INSTRUMENT, INC.

14

```
FILED
CLERK, U.S. DISTRICT COURT

DEC 21 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

15          UNITED STATES DISTRICT COURT

16          CENTRAL DISTRICT OF CALIFORNIA

17

18 MAG INSTRUMENT, INC., a       CV11- 10583 MMM(SPx)
   California corporation,
19                               Case No.
         Plaintiff,
20                               **COMPLAINT FOR**
                                 **TRADEMARK**
21    v.                         **INFRINGEMENT, FALSE**
                                 **DESIGNATION OF ORIGIN,**
22 LARSON ELECTRONICS, LLC, a    **TRADEMARK DILUTION,**
   Texas limited liability company,  **AND UNFAIR COMPETITION**
23
         Defendant.              **DEMAND FOR JURY TRIAL**
24

25

26

27

28

1    Plaintiff, Mag Instrument, Inc. ("Mag" or "Plaintiff"), files this Complaint

2  against defendant, Larson Electronics, LLC ("Larson" or "Defendant"), and

3  demanding a trial by jury, alleges as follows:

4              **JURISDICTION AND VENUE**

5    1.    This action arises under the trademark laws of the United States,

6  15 U.S.C. § 1051, et seq.  This Court has original jurisdiction over the subject

7  matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and

8  15 U.S.C. § 1121(a).

9    2.    This Court has supplemental jurisdiction over Plaintiff's state law

10  claims under 28 U.S.C. § 1367(a).  These claims are so related to the other claims

11  in this case over which this Court has original jurisdiction that they form a part of

12  the same case or controversy under Article III of the United States Constitution.

13    3.    Upon information and belief, venue is proper under 28 U.S.C. §§

14  1391(b) and (c).

15              **NATURE OF THE ACTION**

16    4.    Mag is a leading manufacturer of premium quality lighting products.

17  Among its many successful products, Mag manufactures and sells the MAG-LITE®,

18  MAG CHARGER®, MINI MAGLITE® and SOLITAIRE® flashlights.  Mag's

19  flashlights with their extraordinary design are some of the most recognizable

20  flashlights in the world.  Mag flashlights are manufactured exclusively in the

21  United States of America.  Moreover, Mag's flashlights are sold with a warranty,

22  backed up by a full-service staff of full-time employees at its Ontario, California

23  facility.

24    5.    In an effort to exploit and improperly trade upon Mag's brand,

25  Defendant has deliberately and unlawfully appropriated Mag's trademark rights

26  through its sale of flashlights and handheld lighting products under the brand

27  MAGNALIGHT.  By distributing, offering for sale, and selling the

28  MAGNALIGHT products, Defendant infringes Mag's trademarks and deceives

- 2 -

1   consumers as to the source and sponsorship of the products.  By engaging in this

2   conduct, Defendant willfully infringes Mag's intellectual property rights and falsely

3   and fraudulently represents its products to the consuming public.

4       6.      Based on Defendant's improper acts, Mag brings this action for

5   trademark infringement, false designation of origin, trademark dilution, and unfair

6   competition under section 43(a) of the Lanham Act; trademark infringement, unfair

7   and deceptive trade practices, and trademark dilution in violation of California

8   statutory law; and trademark infringement and unfair competition under California

9   common law.

10      7.      As a result of Defendant's unlawful conduct, Mag has suffered and,

11  unless Defendant is enjoined, will continue to suffer irreparable injury.  Mag

12  therefore seeks injunctive relief, compensatory and punitive damages, and other

13  relief.

14                          **THE PARTIES**

15      8.      Plaintiff Mag is a California corporation, having its principal place of

16  business at 2001 South Hellman Avenue, Ontario, California 91761.

17      9.      Upon information and belief, Defendant Larson is a Texas limited

18  liability company, with a principal place of business located at 9419 E US Hwy

19  175, Kemp, Texas 75143.

20      10.     Upon information and belief, Larson resides in this district under 28

21  U.S.C. § 1391.  In particular, Larson does business in this district, and a substantial

22  part of the events giving rise to the claims in this case occurred in this district.

23                     **FIRST CAUSE OF ACTION**

24  **(Federal Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114(1))**

25      11.     Mag repeats, realleges, and incorporates by reference, as though fully

26  set forth herein, the allegations contained in all prior and subsequent paragraphs.

27      12.     For many years, and prior to the acts of Defendant complained of

28  herein, Mag has continuously manufactured, advertised, assembled, marketed,

1  distributed, and/or sold, in interstate and international commerce, high-quality
2  machined, anodized aluminum, high-intensity, adjustable beam flashlights,
3  including, but not limited to, a line of flashlights under or in connection with the
4  distinctive trademarks MAG-LITE®, MAGLITE®, MINI MAGLITE®, MAG
5  CHARGER®, MAG®, MAG-LED®, and MAG-TAC®. These flashlights are
6  characterized by their distinctive shape, style and overall appearance, which are
7  also Mag trademarks. The flashlights are further characterized by their
8  outstanding design features, materials of construction, workmanship, performance,
9  water and shock resistance, optical features, reliability, and durability. The
10  manufacturing of all of Mag's flashlights is done in the United States and in its
11  facilities in Ontario, California.

12       13.    Mag has engaged in a deliberate effort to develop a family of word
13  marks incorporating the letters "MAG" in connection with the sale of its
14  flashlights and related products. Since at least as early as February 22, 1979, Mag
15  adopted and began using "MAG INSTRUMENT" as its name and trademark in
16  connection with its manufacture, advertising, and sale of flashlights and related
17  products. Mag is the owner of United States Trademark Registration No.
18  1,715,086 ("the '086 trademark") for "MAG INSTRUMENT," which is valid,
19  enforceable, and incontestable. A true and correct copy of the '086 trademark is
20  attached hereto as Exhibit 1.

21       14.    Since at least as early as February 22, 1979, Mag has also been using
22  the trademark "MAG-LITE" in connection with its manufacture, advertising, and
23  sale of flashlights and related accessories and products. Mag is the owner of
24  United States Trademark Registration No. 1,154,816 ("the '816 trademark") for
25  "MAG-LITE," which is valid, enforceable, and incontestable. A true and correct
26  copy of the '816 trademark is attached hereto as Exhibit 2.

27       15.    Since at least as early as January 9, 1992, Mag has also been using the
28  trademark "MAG" in connection with its manufacture, advertising, and sale of

- 4 -

flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 1,975,632 ("the '632 trademark") for "MAG," which is valid, enforceable, and incontestable. A true and correct copy of the '632 trademark is attached hereto as Exhibit 3.

16.   Since at least as early as January 1984, Mag has also been using the trademark "MINI MAGLITE" in connection with its manufacture, advertising, and sale of flashlights. Mag is the owner of United States Trademark Registration No. 1,389,804 ("the '804 trademark") for "MINI MAGLITE," which is valid, enforceable, and incontestable. A true and correct copy of the '804 trademark is attached hereto as Exhibit 4.

17.   Since at least as early as July 12, 1983, Mag has also been using the trademark "MAG-NUM STAR" in connection with its manufacture, advertising, and sale of flashlight bulbs. Mag is the owner of United States Trademark Registration No. 1,245,187 ("the '187 trademark") for "MAG-NUM STAR," which is valid, enforceable, and incontestable. A true and correct copy of the '187 trademark is attached hereto as Exhibit 5.

18.   Since at least as early as September 1982, Mag has also been using the trademark "MAG CHARGER" in connection with its manufacture, advertising, and sale of flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 2,999,097 ("the '097 trademark") for "MAG CHARGER," which is valid, enforceable, and incontestable. A true and correct copy of the '097 trademark is attached hereto as Exhibit 6.

19.   Since at least as early as January 8, 1987, Mag adopted and began using the trademark "MINI MAGLITE AAA" in connection with its manufacture, advertising, and sale of flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 1,611,960 ("the '960 trademark") for "MINI MAGLITE AAA," which is valid, enforceable, and

1   incontestable.  A true and correct copy of the '960 trademark is attached hereto as
2   Exhibit 7.

3       20.   Since at least as early as May 17, 1984, Mag has been using the
4   trademark "MAGLITE" in connection with its manufacture, advertising, and sale
5   of flashlights and related accessories and products.  Mag is the owner of United
6   States Trademark Registration No. 2,485,515 ("the '515 trademark") for
7   "MAGLITE," which is valid, enforceable, and incontestable.  A true and correct
8   copy of the '515 trademark is attached hereto as Exhibit 8.

9       21.   Since at least as early as January 1, 2001, Mag has also been using the
10  stylized trademark "MAGLITE" in connection with its manufacture, advertising,
11  and sale of flashlights and related accessories and products.  Mag is the owner of
12  United States Trademark Registration No. 2,622,179 ("the '179 trademark") for
13  the stylized mark "MAGLITE," which is valid, enforceable, and incontestable.  A
14  true and correct copy of the '179 trademark is attached hereto as Exhibit 9.

15      22.   Since at least as early as February 9, 2006, Mag has also been using
16  the trademark "MAG-LED" in connection with its manufacture, advertising, and
17  sale of flashlights and related accessories and products.  Mag is the owner of
18  United States Trademark Registration No. 3,104,551 ("the '551 trademark") for
19  "MAG-LED," which is valid and enforceable.  A true and correct copy of the '551
20  trademark is attached hereto as Exhibit 10.

21      23.   Since at least as early as May 23, 2006, Mag has also been using the
22  trademark "MAG-LED" in connection with its manufacture, advertising, and sale
23  of flashlight accessories.  Mag is the owner of United States Trademark
24  Registration No. 3,265,427 ("the '427 trademark") for "MAG-LED," which is
25  valid and enforceable.  A true and correct copy of the '427 trademark is attached
26  hereto as Exhibit 11.

27      24.   Since at least as early as May 23, 2006, Mag has been using the
28  trademark "MAGLED" in connection with its manufacture, advertising, and sale

- 6 -

1 of flashlights and related parts.  Mag is the owner of United States Trademark

2 Registration No. 3,280,356 ("the '356 trademark") for "MAGLED," which is valid

3 and enforceable.  A true and correct copy of the '356 trademark is attached hereto

4 as Exhibit 12.

5   25. Since at least as early as May 23, 2006, Mag has also been using the

6 trademark "MAGLED" in connection with its manufacture, advertising, and sale

7 of flashlight accessories.  Mag is the owner of United States Trademark

8 Registration No. 3,382,287 ("the '287 trademark") for "MAGLED," which is valid

9 and enforceable.  A true and correct copy of the '287 trademark is attached hereto

10 as Exhibit 13.

11   26. The aforesaid word marks (collectively "the Subject Marks") are

12 distinctive and possess secondary meaning in that they are associated by the trade

13 and consuming public exclusively with Mag and, as a result, they signify Mag as

14 the source and/or sponsor of flashlights and related accessories and products

15 bearing such marks.

16   27. Mag has consistently and continuously displayed the registration

17 symbol "®" or its equivalent with the Subject Marks since the Subject Marks have

18 become registered.

19   28. Mag has manufactured, marketed and advertised its flashlights and

20 related products so that the public associates them with the idea of extraordinary

21 design, materials, workmanship, and reliability.  In furtherance of that goal, Mag

22 usually displays its products and the associated trademarks in its advertising and

23 promotional presentations.  To date, Mag has spent millions of dollars in

24 advertising and promoting its flashlights and related products and has had over a

25 billion dollars in sales of its flashlights and related products.

26   29. Defendant has advertised and distributed commercially in interstate

27 commerce flashlights and other handheld lighting products under the brand

28 "MAGNALIGHT."  Examples of printouts from Defendant's website

1   demonstrating its use of the "MAGNALIGHT" mark are attached hereto as <u>Exhibit</u>

2   <u>14</u>.

3          30.    The brand name used by Defendant, i.e., "MAGNALIGHT," is

4   confusingly similar to Mag's Subject Marks.  Defendant's use of

5   "MAGNALIGHT" in connection with the advertising, distribution, offer for sale,

6   and sale of its flashlights and handheld lighting products is likely to cause

7   confusion, or to cause mistake, or to deceive consumers that Defendant's products

8   are manufactured by, sponsored by, or affiliated with Mag.

9          31.    Defendant's use of the Subject Marks is without the permission of

10  Mag.  Upon information and belief, Defendant had knowledge of the Subject

11  Marks, including Mag's famous MAG-LITE® trademark, and the considerable

12  commercial success associated with these marks.  Plaintiff Mag is informed and

13  believes and thereon alleges that Defendant, willfully and with conscious disregard

14  for the Subject Marks, advertised, offered for sale, sold, and/or distributed products

15  under the mark "MAGNALIGHT," which is a colorable imitation of Mag's MAG-

16  LITE® trademark.

17         32.    The above-recited acts by Defendant constitute trademark

18  infringement of Mag's federally registered trademarks in violation of the Lanham

19  Act, 15 U.S.C. § 1114(1), to the substantial and irreparable injury of the public and

20  of Mag's business reputation and goodwill.

21         33.    The advertising, offer for sale, sale, and distribution of the

22  MAGNALIGHT flashlights and handheld lighting products has inflicted, and

23  unless enjoined will continue to inflict, great and irreparable injury upon the

24  reputation and goodwill of Mag and its Subject Marks, for which injury Mag has

25  no adequate remedy at law.  Mag is entitled to preliminary and permanent

26  injunctions enjoining Defendant from engaging in further acts of infringement.

27         34.    On information and belief, as a result of its acts, Defendant has been

28  and will continue to be unjustly enriched by monies that Defendant has received

1  and will receive in connection with its distribution, advertising, and sale of the

2  MAGNALIGHT flashlights and other handheld lighting products, which bear the

3  MAGNALIGHT mark or any other mark that is confusingly similar to the Subject

4  Marks.

5      35.    On information and belief, as a result of the acts of Defendant, Mag

6  has suffered and is entitled to monetary damages in an amount not yet determined.

7  Additionally, Mag has incurred and will incur liability for costs and attorneys'

8  fees.

9      36.    On information and belief, Defendant's acts were in willful and

10  conscious disregard for Mag's rights to the Subject Marks, and the resulting

11  damage to Mag's goodwill and reputation is such as to warrant the trebling of

12  damages in order to provide just compensation.

13  **SECOND CAUSE OF ACTION**

14  **(False Designation of Origin, Unfair Competition, and Trademark**

15  **Infringement – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

16      37.    Mag repeats, realleges and incorporates by reference, as though fully

17  set out herein, the allegations contained in all prior and subsequent paragraphs.

18      38.    In connection with the MAGNALIGHT flashlights and handheld

19  lighting products, Defendant has used and is using in commerce a name that is

20  likely to cause confusion, to cause mistake, or to deceive as to the affiliation,

21  connection, or association of Defendant with Mag, or as to the origin, sponsorship

22  or approval of the MAGNALIGHT flashlights and handheld lighting products by

23  Mag. Defendant's use of said name in commercial advertising and/or promotion

24  also misrepresents the nature and qualities of the MAGNALIGHT flashlights and

25  handheld lighting products.

26      39.    By promoting, distributing, offering for sale, selling, and/or

27  advertising the MAGNALIGHT flashlights and handheld lighting products,

28  Defendant has infringed Mag's Subject Marks, and has infringed Mag's common

- 9 -

law trademark rights, in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a). Defendant's above-recited acts further constitute false designation of origin, false or misleading description, false or misleading representation, and unfair competition in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a), as such acts are likely to deceive the public into believing that the MAGNALIGHT flashlights and handheld lighting products are from or sponsored by Mag.

40.  If not enjoined by the Court, Defendant will continue to distribute and sell the MAGNALIGHT flashlights and handheld lighting products in commerce, which products will be attributed to having emanated from Mag.  Mag, however, has no control over the nature and quality of the MAGNALIGHT flashlights and handheld lighting products so rendered, and any fault or objection with said products will adversely affect future sales by Mag of its flashlights under the Subject Marks.

41.  On information and belief, as a result of its acts, Defendant has been and will continue to be unjustly enriched by monies that Defendant has received and will receive in connection with its distribution, sale, and advertising of the MAGNALIGHT flashlights and handheld lighting products, which bear the MAGNALIGHT mark or any other mark that is confusingly similar to the Subject Marks.

42.  On information and belief, as a result of the acts of Defendant, Mag has suffered and is entitled to monetary damages in an amount not yet determined. Additionally, Mag has incurred and will incur liability for costs and attorneys' fees.

43.  On information and belief, Defendant's acts were in willful and conscious disregard for Mag's rights in and to the Subject Marks and common law rights associated therewith, and the resulting damage to Mag's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

## THIRD CAUSE OF ACTION

**(Federal Trademark Dilution – Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

44.     Mag repeats, realleges and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

45.     The Subject Marks are distinctive and famous marks.

46.     In connection with the distribution, offer for sale, sale, and advertising of the MAGNALIGHT flashlights and handheld lighting products, Defendant began using marks in commerce that are likely to cause dilution by blurring and dilution by tarnishment of the Subject Marks after the Subject Marks became famous.

47.     By reason of Defendant's acts complained of herein, Defendant has caused and is causing dilution of the distinctiveness of the Subject Marks by lessening the capacity of the famous Subject Marks to identify and distinguish Mag's products and by tarnishing the reputation, goodwill, and positive associations of the Subject Marks due to the inferior nature of the MAGNALIGHT flashlights and handheld lighting products in violation of 15 U.S.C. § 1125(c).

48.     On information and belief, Defendant's continuing acts of dilution have inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon Mag. Mag is therefore entitled to preliminary and permanent injunctive relief.

49.     On information and belief, as a result of the willful acts of Defendant, Defendant has been and will continue to be unjustly enriched by contributions that Defendant has received in connection with those acts of dilution.

50.     On information and belief, as a result of the willful acts of Defendant, Mag has suffered and will continue to suffer monetary damages in an amount not yet determined. Additionally, Mag has incurred and will incur liability for costs and attorneys' fees.

1        51.    On information and belief, Defendant's willful acts and the resulting

2  damage to Mag's goodwill and reputation is such as to warrant the trebling of

3  damages in order to provide just compensation.

4        **FOURTH CAUSE OF ACTION**

5      **(California Trademark Infringement – Cal. Bus. & Prof. Code § 14245)**

6        52.    Mag repeats, realleges and incorporates by reference, as though fully

7  set out herein, the allegations contained in all prior and subsequent paragraphs.

8        53.    In addition to its federal trademark registrations and in furtherance of

9  its effort to develop and promote a family of marks incorporating the term

10  "MAG," Mag also owns the following state trademark registrations, which are

11  valid and enforceable: California State Registration No. 60569 for "MAG-LITE,"

12  California State Registration No. 66754 for "MAG-NUM STAR," California State

13  Registration No. 78422 for "MINI MAGLITE," and California State Registration

14  No. 86000 for "MINI MAGLITE AAA."  True and correct copies of those

15  registrations are attached hereto as <u>Exhibits 15-18.</u>  (Hereinafter, "Subject Marks"

16  refers to Mag's California and federal registrations, and "State Subject Marks"

17  refers only to Mag's California registrations).

18        54.    By reason of Mag's continuous use and promotion of the State

19  Subject Marks, as well as the distinctiveness of those marks, consumers associate

20  and recognize the State Subject Marks as representing a single, even if anonymous,

21  source or sponsor of goods, and therefore, the State Subject Marks are protectable

22  trademarks.

23        55.    Mag's State Subject Marks are inherently distinctive and have

24  acquired secondary meaning with the trade and consuming public and/or have

25  become distinctive in the minds of purchasers in that the State Subject Marks are

26  associated with Mag.

27        56.    On information and belief, Defendant's distribution, offer for sale,

28  sale, and advertising of the MAGNALIGHT flashlights and handheld lighting

1   products bearing marks which are confusingly similar to and/or colorable

2   imitations of the State Subject Marks are likely to cause confusion, mistake or

3   deceit as to the source of the MAGNALIGHT flashlights and handheld lighting

4   products.  Defendant's use of the Subject Marks, and/or colorable imitations

5   thereof, is without the consent of Mag.

6       57.    On information and belief, as a result of the acts of Defendant,

7   Defendant has been and will continue to be unjustly enriched by monies that

8   Defendant has received in connection with its advertising, sale, and distribution of

9   the MAGNALIGHT flashlights and handheld lighting products.

10      58.    Upon information and belief, by reason of Defendant's actions alleged

11  herein, Mag has suffered and will continue to suffer, irreparable injury to its rights

12  and suffer substantial loss of goodwill and value in the State Subject Marks unless

13  and until Defendant is enjoined from continuing its wrongful acts.

14      59.    By reason of Defendant's actions alleged herein, Mag has been

15  damaged in an amount not presently ascertained, and such damage will continue

16  and increase unless and until Defendant is enjoined from continuing its wrongful

17  acts.

18      60.    On information and belief, Defendant's conduct in this cause of action

19  is willful, wanton, malicious, oppressive, and in conscious disregard of Mag's

20  rights in the State Subject Marks, justifying the imposition of punitive and

21  exemplary damages under California Civil Code § 3294.

22                     **FIFTH CAUSE OF ACTION**

23  **(California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, et**

24                              **seq.)**

25      61.    Mag repeats, realleges, and incorporates by reference, as though fully

26  set out herein, the allegations contained in all prior and subsequent paragraphs.

27      62.    Mag has built valuable goodwill in its Subject Marks.  Defendant's

28  advertising, offer for sale, sale, and/or distribution of the MAGNALIGHT

- 13 -

1   flashlights and handheld lighting products, bearing marks that are confusingly

2   similar to the Subject Marks, are likely to and do permit Defendant to trade upon

3   the goodwill of Mag's marks and to confuse the public regarding a connection or

4   affiliation between Mag and Defendant.  This conduct results in damage to Mag's

5   goodwill and reputation and the unjust enrichment of Defendant.

6        63.   By advertising and/or distributing the MAGNALIGHT flashlights and

7   other handheld lighting products, bearing marks that are confusingly similar to the

8   Subject Marks, Defendant misleads others and will continue to mislead others into

9   assuming there is a connection between Defendant and Mag.

10       64.   Defendant's use of a mark that is confusingly similar to the Subject

11  Marks was and is without the consent of Mag.

12       65.   Defendant's use, advertising, offer for sale, sale, and/or distribution of

13  the MAGNALIGHT flashlights and handheld lighting products, bearing marks that

14  are confusingly similar to the Subject Marks, constitutes unfair competition in

15  violation of § 17200 et seq. of the California Business and Professions Code.

16       66.   Mag is informed and believes and thereon alleges that unless

17  restrained by this Court, Defendant will continue to infringe Mag's marks and

18  pecuniary compensation will not afford Mag adequate relief for the damage to its

19  trademarks in the public perception.

20       67.   As a result of Defendant's acts complained of herein, Defendant has

21  been and will continue to be unjustly enriched by monies which Defendant has

22  received in connection with the advertising, sale, and distribution of the

23  MAGNALIGHT flashlights and handheld lighting products.

## SIXTH CAUSE OF ACTION

### (California Trademark Dilution -- Cal. Bus. & Prof. Code § 14247)

26       68.   Mag repeats, realleges and incorporates by reference, as though fully

27  set out herein, the allegations contained in all prior and subsequent paragraphs.

28

69.     Mag's Subject Marks are distinctive and famous marks.  Mag, through the Subject Marks, enjoys a reputation in California for excellence and style for the products it sells.

70.     Defendant began using Mag's Subject Marks in connection with the MAGNALIGHT flashlights and handheld lighting products after Mag's trademarks became famous.

71.     On information and belief, Defendant's distribution, offer for sale, sale, and/or advertising of the MAGNALIGHT flashlights and handheld lighting products has tarnished and otherwise injured the business reputation of Mag and dilutes and/or is likely to dilute the distinctive value of the Subject Marks in violation of California Business and Professions Code § 14247.

72.     Mag has no adequate remedy at law.  Injury to Mag and dilution of Mag's trademarks will continue, all to Mag's irreparable harm, unless Defendant is enjoined by this Court.

## SEVENTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

73.     Mag repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

74.     By reason of Mag's continuous use and promotion of the Subject Marks, as well as the distinctiveness of those marks, consumers associate and recognize the Subject Marks as representing a single, even if anonymous, source or sponsor of goods, and therefore, the Subject Marks and are protectable trademarks at common law.

75.     Mag owns and enjoys common law trademark rights in the Subject Marks, which rights are superior to any rights that Defendant may claim with respect to the MAGNALIGHT flashlights and handheld lighting products.  Mag's Subject Marks are distinctive and possess secondary meaning with the trade and

1   consuming public and are distinctive in the minds of purchasers in that the Subject

2   Marks and are associated with Mag.

3        76.    Defendant's use of the Subject Marks in connection with the

4   advertising, offer for sale, sale, and distribution of the MAGNALIGHT flashlights

5   and handheld lighting products is likely to cause confusion and, upon information

6   and belief, has caused confusion as to the source, sponsorship, or approval of the

7   MAGNALIGHT flashlights and handheld lighting products in that recipients

8   thereof and others who see the MAGNALIGHT flashlights and handheld lighting

9   products will be likely to associate such products (mistakenly) as originating with

10   Mag, or as being distributed with the sponsorship of Mag, all to the detriment of

11   Mag.

12        77.    On information and belief, by reason of Defendant's actions alleged

13   herein, Mag has suffered, and will continue to suffer, irreparable injury to its rights

14   and suffer substantial loss of goodwill and in the value of its Subject Marks unless

15   and until Defendant is enjoined from continuing its wrongful acts.

16        78.    On information and belief, by reason of Defendant's actions alleged

17   herein, Mag has been damaged in an amount not presently ascertained, and such

18   damage will continue and increase unless and until Defendant is enjoined from

19   continuing its wrongful acts.

20        79.    Upon information and belief, Defendant's conduct in this cause of

21   action is willful, wanton, malicious, oppressive, and in conscious disregard of

22   Mag's rights in its Subject Marks justifying the imposition of punitive and

23   exemplary damages under California Civil Code § 3294.

24                  **EIGHTH CAUSE OF ACTION**

25                  **(Common Law Unfair Competition)**

26        80.    Mag repeats, realleges, and incorporates by reference, as though fully

27   set out herein, the allegations contained in all prior and subsequent paragraphs.

28

81.     Defendant's actions in connection with the MAGNALIGHT flashlights and handheld lighting products are likely to cause confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between Defendant and Mag and constitute unfair competition at common law.

82.     On information and belief, as a result of Defendant's acts of unfair competition, Mag has suffered and will continue to suffer damages, and Defendant has been unjustly enriched.

83.     On information and belief, by reason of Defendant's actions in connection with the MAGNALIGHT flashlights and handheld lighting products, Mag has suffered, and will continue to suffer, irreparable harm for which Mag has no adequate remedy at law unless and until Defendant is enjoined from continuing its wrongful acts.

84.     Upon information and belief, Defendant's conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Mag's rights, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

**PRAYER FOR RELIEF**

WHEREFORE, Mag respectfully demands judgment:

1.     That Defendant, its officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with it, be enjoined preliminarily and permanently from:

(a)     using the Subject Marks, or any other appearance feature, logo, device, or word mark that is a colorable imitation of, or is confusingly similar to, the Subject Marks, or any of them, in connection with the advertising, distribution, marketing, offering for sale, or sale of any product neither originating from nor authorized by Mag;

(b)     representing in any manner or by any method whatsoever, that goods, services or other products provided by Defendant are sponsored, approved, authorized by, or originate from Mag or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship, or certification of such goods or services;

(c)     infringing, diluting, and/or tarnishing the distinctive quality of the Subject Marks, or any of them; and

(d)     unfairly competing with Mag in any manner.

2.     That Defendant be required to deliver up to Mag for destruction all products, containers, packages, labels, literature, catalogs, signs, advertising material and the like bearing or distributed under any of the Subject Marks, or any confusingly similar variations thereof.

3.     That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Mag's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the above-mentioned paragraphs 1 and 2.

4.     That Defendant be required to account for and pay over to Mag its profits and the cumulative damages sustained by Mag by reason of Defendant's unlawful acts of trademark infringement, false designation of origin, dilution, and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Mag.

5.     That the Court order disgorgement and/or restitution of Defendant's profits to Mag.

6.     That Mag be awarded its reasonable costs and attorneys' fees.

7.     That Mag be awarded punitive damages.

8.     That Mag have such other and further relief as the Court may deem equitable.

1

Dated: December 2ᵗ, 2011                    MAG INSTRUMENT, INC.

2

3                                           By: _____

4                                                Jerrold B. Reilly

5

6                                           LAW OFFICES OF ROBERT C.
                                            WEISS
                                            Robert C. Weiss

7

8                                           JONES DAY
                                            Anna E. Raimer

9                                           Attorneys for Plaintiff
                                            MAG INSTRUMENT, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, Plaintiff Mag

3

Instrument, Inc. hereby demands a trial by jury on all issues triable in this action.

4

5

Dated: December 21, 2011                    JONES DAY

6

7

8

By: _____

Jerrold B. Reilly

9

Attorneys for Plaintiff

10

MAG INSTRUMENT, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Mag Instrument, Inc.

**DEFENDANTS**
Larson Electronics, LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jerrold B. Reilly, MAG INSTRUMENT, INC., 2001 S. Hellman Ave., Ontario, CA 91761, (909) 947-1006; Robert C. Weiss, LAW OFFICES OF ROBERT C. WEISS, 3770 Highland Ave., Suite 203, Manhattan Beach, CA 90266

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement, false designation of origin, unfair competition, and dilution; 15 U.S.C. § 1051, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11- 10583

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2